IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRIOT ORDNANCE FACTORY USA MACHINE GUN, P-416 RIFLE, SERIAL NO. 08-00625, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION TO STRIKE CLAIMANT'S FIRST AFFIRMATIVE DEFENSE<br><br><br><br>Case No. 2:18-CV-285 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the Government's Motion to Strike Claimant's First Affirmative Defense. For the reasons discussed below, the Court grants the Government's Motion to Strike.

## I. BACKGROUND

The following facts are taken from both the Government's First Amended Verified Complaint for Forfeiture *in Rem* and the Claimant's (Adam Webber) Answer to First Amended Civil Complaint for Forfeiture *in Rem* and Affirmative Defenses ("Answer").[1]

This case is an in rem civil forfeiture action. The Government filed the action against four firearms seized during an ATF inspection of the Darkside Tactical ("Darkside") facility on April 18, 2017. The firearms were found and subsequently seized as they were not registered in the National Firearm Registration and Transfer Record ("NFRTR") when originally transferred to the facility.

---

[1] Docket Nos. 13, 18.

In its civil forfeiture action, the Government contends that the firearms are subject to forfeiture under 26 U.S.C. § 5872 and 26 U.S.C. § 5861(b). Under § 5872(a), "any firearm involved in any violation of the provisions of [the National Firearms Act] shall be subject to seizure and forfeiture."[2] Additionally, § 5861(b) makes it unlawful for any person "to receive or possess a firearm transferred to him in violation of the provisions of [the National Firearms Act]."[3] Because Darkside allegedly accepted Claimant's unregistered firearms, the Government posits Darkside was in violation of § 5861(b). Consequently, the Government argues that the firearms are subject to civil forfeiture under § 5872(a). Claimant's Answer contests the forfeiture action, claiming as his First Affirmative Defense ("Defense") that the ATF illegally searched Darkside and seized the firearms subject in this action.[4]

On March 12, 2019, the Government filed its Motion to Strike Claimant's Defense from Claimant's Answer under Federal Rules Civil Procedure 12(f), asserting that Claimant's Defense is insufficient. Claimant has not filed a response and the time for doing so has expired.

## II. STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[5] Motions to strike are generally "viewed with disfavor by the federal courts and are infrequently granted."[6]

---

[2] 26 U.S.C. § 5872(a).
[3] *Id.* § 5861(b).
[4] Docket No. 18, at 7.
[5] FED. R. CIV. P. 12(f).
[6] *Jorgenson v. Wright Medical Group, Inc.*, No. 2:18-CV-366 TS, 2018 WL 5792325, at *2 (D. Utah Nov. 5, 2018) (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2018)).

However, while "striking a defense is a drastic remedy," it is within the "court's discretion to grant a motion to strike."[7]

### III. DISCUSSION

DUCivR 7-1(b)(3)(B) states that response to a motion under Rule 12(f) must be filed within fourteen days in order to contest a motion.[8] Claimant has failed to file a motion in response to the Government's Motion to Strike, and the time to do so has expired.[9] At this junction, the Court could grant the Government's Motion to Strike based on Claimant's failure to file a timely response alone.[10] However, the procedural timing issue aside, the Court also grants the Government's Motion on its merits.

The Government's main contention in this case is that Claimant's Defense is insufficient. The Government's motion can be reduced to two points: 1) Claimant cannot claim that his Fourth Amendment rights against illegal searches and seizures were violated because he does not have the legal basis to make such an argument; and 2) even if Claimant had a legal basis to claim a Fourth Amendment violation, this type of a claim does not prevent a forfeiture claim from being successful.

"A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any

---

[7] *Tiscareno v. Frasier*, No. 2:07-CV-336 CW, 2012 WL 1377886, at *13–14 (D. Utah Apr. 29, 2012).

[8] *See* DUCivR 7-1(b)(3)(B).

[9] *Id.*

[10] *See* DUCivR 7-1(d) ("Failure to respond timely to a motion . . . may result in the court's granting the motion without further notice.").

of his Fourth Amendment rights infringed."[11] Therefore, it is "proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the [exclusionary] rule's protections."[12]

Here, Claimant's Defense is that the search and seizure of the firearms was illegal. However, Claimant cannot successfully contend that his Fourth Amendment rights were violated. A third party's property, not Claimant's, was searched. Therefore, Claimant's Fourth Amendment rights were not infringed. Moreover, even if the search of Darkside and the subsequent seizure of the firearms was illegal under the Fourth Amendment, such a violation has no bearing on Claimant's rights in the matter before the Court. Therefore, Claimant is not permitted to claim the "benefit from the rule's protections."

Even if Claimant could plausibly claim that his rights were violated, a claim of an illegal search and seizure is an insufficient defense. A defense based upon a fruit-of-the-poisonous-tree doctrine is insufficient to contest a civil forfeiture. "By definition, a defense is a [claimant's] assertion of a reason why the court should find that the plaintiff does not have a valid case."[13] Under Rule 12(f), "a defense may be stricken as insufficient if 'it cannot succeed, as a matter of law, under any circumstances.'"[14] In regards to alleged Fourth Amendment violations as a defense,

---

[11] *Rakas v. Illinois*, 439 U.S. 128, 134 (1978) (citing *Alderman v. United States*, 394 U.S. 165, 174 (1969)).

[12] *Id*. (citing *Simmons v. United States*, 390 U.S. 377, 389 (1968)).

[13] *United States v. 1866.75 Board Feet, 11 Doors & Casings, More or Less of Dipteryx Panamensis Imported from Nicar.*, No. 1:07CV110 (GBL), 2008 WL 839792, at *2 (E.D. Va. Mar. 25, 2008) (internal citations omitted).

[14] *Tiscareno*, 2012 WL 1377886, at * 16 (quoting *Wilhelm v. TLC Lawn Care. Inc*., No. 07-5465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

"[a] claim of illegal search and seizure will not prevent a forfeiture claim from succeeding."[15] "Various circuit courts have held that the illegal seizure of property, standing alone, will not immunize that property from forfeiture,"[16] and the "Supreme Court has recognized that this rule applies in forfeiture proceedings."[17]

Here, the Government contends that Claimant's Defense is "insufficient because it alleges Fourth Amendment search and seizure violations."[18] Based upon the case law above, the Government's assertion is correct: any alleged illegality in regards to the search and seizure of the firearms from Darkside does not, by itself, immunize those firearms from forfeiture. Claimant's Defense cannot therefore succeed. As a result, it is an insufficient defense and is stricken in this case.

It is therefore

ORDERED that the Government's Motion to Strike Claimant's First Affirmative Defense (Docket No. 19) is GRANTED

DATED this 30th day of April, 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

[15] *1886.75 Board Feet*, 2008 WL 839792, at \*2.

[16] *United States v. Premises & Real Prop. at 4492 South Livonia Rd., Livonia N.Y.*, 889 F.2d 1258, 1265–66 (2d Cir. 1989) (collecting cases); *see also United States v. $ 7,850.00 in U.S. Currency*, 7 F.3d 1355, 1357 (8th Cir. 1993) ("The fact that the monies may have been illegally seized does not immunize them from forfeiture.").

[17] *Premises & Real Prop.*, 889 F.2d at 1266 (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) (collecting cases)).

[18] Docket No. 19, at 1.